UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY AUBREU YAWN,

    Plaintiff,

v.                                        Case No. 1:22-cv-124-AW/MJF

WARDEN MALLOY, *et al.*,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Upon review of Plaintiff Anthony Aubreu Yawn's amended complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

## I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC"). His inmate number is FDC #075508. On June 6, 2022, Plaintiff commenced this civil action pursuant to 42 U.S.C. § 1983 and the ADA. Doc. 1 at 1. On July 11, 2022, Plaintiff filed an amended complaint with attachments, which totaled 107 pages.[1]

---

[1] Under the Local Rules of the United States District Court for the Northern District of Florida, a civil-rights complaint should not exceed twenty-five pages absent court authorization. N.D. Fla. Loc. R. 5.7(B).

Doc. 7 at 1. In his amended complaint, Plaintiff is suing five defendants: (1) Regional Director John Palmer; (2) Warden Malloy; (3) Assistant Registered Nurse Practitioner Laura Peterson; (4) Registered Nurse Simmons; and (5) Chief Health Officer R. Laubaugh. *Id.* at 1-2. Plaintiff asserts claims under the Eighth Amendment, First Amendment, and the Fourteenth Amendment of the United States Constitution. *Id.* at 12, 13-15.

## II. DISCUSSION

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e)(2)(B)(i) ("[T]he court shall dismiss [the case] at any time if the court determines that the action or appeal is frivolous or malicious.").

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir.

1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

B.   <u>Plaintiff's Disclosure</u>

   1.   *Plaintiff's Original Complaint*

Section VIII of the complaint form that Plaintiff utilized for his original complaint sought information regarding his prior litigation. Doc. 1 at 21-24. The complaint form advises that "[f]***ailure to disclose all prior cases may result in the***

*dismissal of this case.*" *Id.* at 24. The complaint form asked the following three questions:

> A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a strike?
>
> B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?
>
> C. Have you file any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

*Id.* at 22-24. Plaintiff responded, "No," to each question and did not disclose any cases. *Id.* At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 24-25.

### 2. *Plaintiff's Amended Complaint*

Similarly, Section IV of the complaint form utilized by Plaintiff for his amended complaint seeks information regarding his prior litigation. Doc. 7 at 3-5. The complaint form advises that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." *Id.* at 3. This complaint form asked the following four questions:

> A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?

> B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues in this action?
>
> C. Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the condition of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong.
>
> D. Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?

*Id.* at 3-5.

Plaintiff responded, "No," to questions A, B, and D and did not disclose any cases.

As to Question C, Plaintiff responded, "Yes." *Id.* at 4. Plaintiff, however, disclosed only *one case*: *Yawn v. Sec'y Dep't of Corr.*, No. 5:13-cv-228-RH/EMT (N.D. Fla. June 21, 2013). *Id.*

At the end of this complaint form, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." *Id.* at 12.

Thus, at the time of filing his original and amended complaint, Plaintiff swore under penalty of perjury that he had filed only one federal case.

C.  **<u>Plaintiff's Omissions</u>**

The undersigned takes judicial notice that, when Plaintiff filed his original and amended complaints, he failed to disclose his prior habeas petition and appeal: *Yawn v. Sec'y of Dep't of Corr.*, 1:11-cv-158-MP-GRJ, ECF No. 1 (N.D. Fla. Aug. 11, 2011), and *Yawn v. Sec'y, Fla. Dep't of Corr.*, No. 14-14527-B (11th Cir. Nov. 3, 2014).[2] This case is attributable to Plaintiff because it bears his FDC inmate number.[3] This habeas case was responsive to Question C on Plaintiff's original complaint form and Question C on Plaintiff's amended complaint form. Because he failed to disclose this case in his amended complaint, Plaintiff violated his duty of candor to the District Court. *Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

D.  **<u>Materiality of Plaintiff's Omissions</u>**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

---

[2] The undersigned takes judicial notice of other lawsuits Plaintiff has filed. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The undersigned will refer to documents filed in this case as "Doc. _" and documents filed in Plaintiff's habeas petition as "ECF No. _".

[3] Additionally, in his prior civil action, Plaintiff disclosed this habeas proceeding. *Yawn v. Sec'y of Dep't of Corr.*, No. 5:13-cv-228-RH/EMT, ECF No. 1 at 4 (N.D. Fla. June 21, 2013).

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district

courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs frequently proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint forms as detailed above, and there is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. First, Plaintiff knew from reading the complaint forms that he was required to disclose all prior cases, including those that challenged his criminal conviction. Doc. 1 at 24; Doc. 7 at 3. These questions were straightforward and easily understandable. Doc. 7 at 4 (specifically requiring disclosure of habeas corpus petitions); *Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Indeed, in his prior civil action, Plaintiff understood that he was required to disclose his habeas proceeding in response to these questions, because he successfully did so.

*See Yawn*, No. 5:13-cv-228-RH/EMT, ECF No. 1 at 4 (disclosing a habeas proceeding in response to Question C of the complaint form).

Second, it is not likely that Plaintiff simply forgot this case due to its age. On August 2, 2021, the clerk of the court mailed to Plaintiff a notice regarding the exhibits in his habeas corpus proceeding. *Yawn*, No. 1:11-cv-158, ECF No. 76. That is, the most recent activity in that case occurred *only ten months* before Plaintiff commenced the instant lawsuit.[4] Thus, Plaintiff certainly had knowledge of this action.

Finally, Plaintiff knew he had filed prior civil litigation. To the extent he could not remember fully his litigation history, the form advised Plaintiff to disclose that fact. Plaintiff did not. Rather, Plaintiff affirmatively represented that he had filed only one prior lawsuit before commencing this action.

A penalty, therefore, is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints

---

[4] Regardless, at the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising them to keep a copy of their filings. Doc. 3; *Yawn*, 1:11-cv-158-MP-GRJ, ECF No. 3. Thus, Plaintiff was aware that he should maintain a list of all prior cases in his property.

in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

**E.     The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *see* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss [the case] at any time if the court determines that the action or appeal is frivolous or malicious."). The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[5] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his

---

[5] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred between August 5, 2021 and November 2, 2021. Doc. 7 at 5, 9. The statute of limitations, therefore, likely would not bar Plaintiff from refiling this action in the near future.

prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff another opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty.[6] *See Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner-plaintiff failed to disclose one prior federal lawsuit); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994)

---

[6] Despite having two opportunities to disclose his full litigation history and receiving two warnings that this case could be dismissed for failing to disclose his entire litigation history, Plaintiff affirmatively misrepresented his litigation history both times.

(per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 22nd day of July, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal**

**conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**